■ GEORGE PITTER, Respondent, v PRUDENTIAL INSURANCE COMPANY OF AMERICA et al., Appellants. [635 NYS2d 76] —In an action, inter alia, to recover damages for assault, battery, and negligent and intentional infliction of emotional distress, the defendants appeal from an order of the Supreme Court, Kings County (Vaccaro, J.), dated June 14, 1994, which denied their motion pursuant to the Federal Arbitration Act (9 USC § 1 et seq.) and CPLR 7503 (a) to stay the action and to compel arbitration of the plaintiff's claims.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the action is stayed, and the parties shall proceed to arbitration pursuant to the rules of the National Association of Securities Dealers and the Federal Arbitration Act.

It is undisputed that the defendant Prudential Insurance

Company of America (hereinafter Prudential) was at all relevant times a member of the National Association of Securities Dealers (hereinafter the NASD) and that the plaintiff and the individual defendants, employees of Prudential, were registered representatives with the NASD associated with Prudential. In applying for registered representative status, the plaintiff agreed to arbitrate disputes and claims which arose out of or were connected with the business of any NASD member and which were asserted against such member and/or persons associated with NASD. The plaintiff subsequently commenced this action in 1993, alleging that he had been subjected to abusive and discriminatory treatment at his workplace by the individual defendant-managers, who purportedly engaged in this behavior while redressing the plaintiff's tardiness in reporting to work. The defendants' motion to compel arbitration was denied. We reverse.

Contrary to the Supreme Court's determination, the alleged wrongful conduct herein clearly involved significant aspects of the plaintiff's employment and Prudential's business activities *(see, Fleck v E. F. Hutton Group,* 891 F2d 1047; *Zolezzi v Dean Witter Reynolds,* 789 F2d 1447). Accordingly, the plaintiff's claims arose out of and in connection with his employment with Prudential and must be arbitrated pursuant to the rules of the NASD and the Federal Arbitration Act *(see, Gilmer v Interstate/Johnson Lane Corp.,* 500 US 20; *Fletcher v Kidder, Peabody & Co.,* 81 NY2d 623; *Singer v Jefferies & Co.,* 78 NY2d 76). Sullivan, J. P., Thompson, Krausman and Florio, JJ., concur.