■ LEONARD D. SHAPIRO, Appellant-Respondent, v PRUDENTIAL SECURITIES INCORPORATED et al., Respondents-Appellants. [650 NYS2d 12] —In an action to recover damages for discrimination, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Murphy, J.), entered July 17, 1995, as granted that branch of the defendants' motion which was to stay all proceedings in the action pending resolution of an arbitration proceeding between the parties, and the defendants cross-appeal, as limited by their brief, from so much of the same order as failed to grant that branch of their motion which was to consolidate the plaintiff's discrimination claim with the pending arbitration.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The defendant Prudential Securities Incorporated (hereinafter Prudential) was at all relevant times a member of the National Association of Securities Dealers (hereinafter NASD) and the plaintiff and the individual defendant, Thomas F. Kennedy, Jr., were employees of Prudential and registered representatives with the NASD associated with Prudential. Upon applying for registered representative status, the plaintiff executed a "U-4 Form" agreeing to arbitrate all disputes and claims which arose out of or were connected with the business of any NASD member and which were asserted against such member and/or persons associated with NASD.

After the plaintiff resigned from his position, Prudential commenced an arbitration proceeding to recover from him the balance of a loan it made to the plaintiff when he began his employment and which by its terms became accelerated upon his termination. The plaintiff counterclaimed for damages stemming from breach of contract and religious discrimination asserting, *inter alia,* that Prudential had knowingly assigned him to the office managed by the individual defendant, who purportedly had a known bias against individuals of the Jewish faith which consequently impaired the plaintiff's success in the securities industry. Along with his counterclaim, the plaintiff filed a voluntary submission form agreeing to arbitrate his counterclaims.

About one year later, the plaintiff withdrew his discrimination claim from the pending arbitration and commenced the instant action for religious discrimination in the Supreme Court raising the same allegations as those contained in the arbitration counterclaim for discrimination. The Supreme Court granted that branch of the defendants' motion which was to stay the action, reasoning that the discrimination claim must be resolved through arbitration. We now affirm.

The court properly stayed the plaintiff's action since the claims of discrimination clearly arose out of and in connection with his employment with Prudential (*see, Fletcher v Kidder, Peabody & Co.,* 81 NY2d 623, *cert denied* 510 US 993; *Pitter v Prudential Ins. Co.,* 222 AD2d 491). Accordingly, the plaintiff's discrimination claim must be resolved through NASD arbitration.

The defendants' remaining contention concerning the Supreme Court's failure to grant that branch of their motion which was to consolidate the instant action with the arbitration is without merit. Mangano, P. J., Bracken, Thompson and McGinity, JJ., concur.